IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE WINER FAMILY TRUST | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL QUEEN, et al. | : | NO. 03-4318 |

# O R D E R

     **AND NOW**, this 29th day of June, 2005, upon consideration of the Court's Order to Show Cause (Doc. No. 136), and the parties' responses thereto (Doc. Nos. 138-140), **IT IS HEREBY ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** for lack of prosecution.[1]  The Clerk of Court shall **CLOSE** this case for

---

[1] The parties all agree that this action should be dismissed because there is no proper plaintiff to prosecute the action. Although the Winer Family Trust and the Pennexx Defendants further agree that this action should be dismissed without prejudice, the Smithfield Defendants urge the Court to dismiss this action with prejudice for lack of subject matter jurisdiction. The Court has already rejected the Smithfield Defendants' subject matter jurisdiction argument by Order dated February 11, 2005. (See Doc. No. 110). Furthermore, even assuming *arguendo* that this Court lacks subject matter jurisdiction over the action, "Article III deprives federal courts of the power to dismiss a case with prejudice where federal subject matter jurisdiction does not exist." Hernandez v. Conriv Realty Assocs., 182 F.3d 121, 123 (2d Cir. 1999); accord In re Orthopedic "Bone Screw" Prods. Liab. Litig., 132 F.3d 152, 155 (3d Cir. 1997). Accordingly, the instant action is dismissed without prejudice for lack of prosecution. This Order does not operate as a "final adjudication" of the action under 15 U.S.C. § 78u-4(c)(1). See generally Blaser v. Bessemer Trust Co., Civ. A. No. 01-11599, 2002 WL 31359015 (S.D.N.Y. Oct. 21, 2002).

statistical purposes.

                              BY THE COURT:

                              <u>s/ John R. Padova</u>
_____John R. Padova, J.

2